UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 2:17 CR 146 JVB |
| ) | |
| ERIC KRIEG ) | |

### Government's Objection to Defendant's Second Motion to Continue Trial Setting

The United States of America, by its undersigned counsel, hereby files the following response objecting to Defendant's Motion to Continue Final Pretrial Conference and Trial filed on April 11, 2018 (DE 20).

### Background

Defendant was first charged by way of complaint on October 12, 2017 (DE 1) and later in a five-count Bill of Indictment on November 8, 2017 (DE 9). The Indictment charges Defendant with Making an Unregistered Destructive Device (Ct. 1), Mailing a Destructive Device (Ct. 2), Malicious Use of Explosive Materials (Ct. 3), Possessing a Destructive Device in Furtherance of a Crime of Violence (Ct. 4), and Mailing a Threatening Communication (Ct. 5). There are three victims referenced in the Indictment.

The case was originally set for trial on January 16, 2018. DE 11. On December 18, 2017, Defendant filed a motion to continue the trial setting. DE

1

16. That unopposed motion was granted (DE 18) and the trial was continued for a lengthy period of time (approximately 120 days) and reset for May 21, 2018 (DE 19). Defendant is now asking for an additional 60 to 90 day continuance (DE 20) and the Government objects. Defendant's attorney has represented him since the time of his arrest in October 2017. DE 6.

The impact of Defendant's criminal conduct on the victims in this case cannot be understated. Victim 1 was Defendant's intended victim when he mailed the destructive device. Victim 1 and his family have understandably gone through extreme emotional distress as this plot came to light and during the pendency of this case. They have planned their schedules around the current trial setting and desire the trial to proceed on the currently set date. Victim 2 worked at the U.S. Post Office in East Chicago and was personally injured when the destructive device detonated earlier than the Defendant planned. Victim 2 was pregnant at the time and endured both physical and emotional injury due to Defendant's actions. Defendant mailed Victim 3 a threatening communication, which resulted in emotional distress. For these reasons, the Government is asking that the current trial setting remain.

## The Speedy Trial Act

The Speedy Trial Act requires a criminal trial to begin within 70 days of a defendant's initial appearance or indictment. Certain periods of time can

be excluded from the counting. 18 U.S.C. § 3161(c)(1), (h). In particular, a court can grant a continuance and exclude time if it finds "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

"The purpose of the Speedy Trial Act is two-fold—to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." *United States v. Gonzales*, 137 F.3d 1431, 1432 (10th Cir.1998) (internal quotations omitted). While most Speedy Trial Act litigation concerns a defendant's rights, the Supreme Court has provided insight on the meaning of the public's interest in a speedy trial. It recognized that delay "may reduce the capacity of the government to prove its case" and "the greater the lapse of time between commission of an offense and the conviction of the offender, the less the deterrent value of his conviction." *United States v. Marion*, 404 U.S. 307, 330 (1971) (internal quotations omitted); s*ee also, Zedner v. United States*, 547 U.S. 489, 501-02 (2006) (noting "the [Speedy Trial] Act was designed with the public interest firmly in mind" and discussing Congress' intent in eliminating delay from the criminal justice system).

District courts have broad discretion in managing trial schedules and denials of trial continuances are reversed only upon a finding of abuse of

discretion and a showing of actual prejudice. *United States v. Volpentesta*, 727 F.3d 666, 678-79 (7th Cir. 2013) (citing a non-exhaustive list of factors considered when reviewing a trial court's decision to deny a motion to continue).

## Crime Victims' Rights Act

Under the Crime Victims' Rights Act, the victims in this case have "[t]he right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Defendant and his counsel have had ample time to prepare for trial. This is not an especially complex case.

## Conclusion

For the reasons stated above, the Government respectfully requests that the Court deny Defendant's second request for a continuance of the trial setting based upon the victims' speedy trial rights and the right to

proceedings free from unreasonable delay. 18 U.S.C. §§ 3509(j), 3771(a)(7).

        Respectfully submitted,

        THOMAS L. KIRSCH II
        UNITED STATES ATTORNEY


By:    s/ Jennifer Chang
        Jennifer Chang
        Assistant United States Attorney
        United States Attorney's Office
        Northern District of Indiana
        5400 Federal Plaza, Suite 1500
        Hammond, Indiana 46320
        Tel:   (219) 937-5500
        Fax:  (219) 852-2770
        Email:   Jennifer.chang@usdoj.gov

## *Certificate of Service*

I hereby certified that on April 18, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kevin E Milner
Email: kevinemilner@aol.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

NONE.

*S/Teresa Torres*
Teresa Torres
Legal Assistant
United States Attorney's Office
Northern District of Indian
Hammond, Division