UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:17-CR-146 |
| | ) | |
| ERIC KRIEG | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorneys Joshua P. Kolar and Jennifer Chang, the defendant Eric Krieg, and his attorney Kevin Milner, and show the Court they have entered into a plea agreement as follows:

1. I, Eric Krieg, can read, write and speak the English language.

2. I have received a copy of the Indictment. I have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which

1

may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

    5.    I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

- a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

- b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

- c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

- d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

    e.    At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

    f.    At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

    g.    In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6.    I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    a.    I will plead guilty to Count 1 of the Indictment charging me with Making an Unregistered Destructive Device in violation of Title 26, United States Code, Section 5861(f) and 5845(a) and (f)

because I am in fact guilty of this offense. I will plead guilty to Count 2 of the Indictment charging me with Mailing a Destructive Device in violation of Title 18, United States Code, Section 1716(j)(2) because I am in fact guilty of this offense.   I will plead guilty to Count 3 of the Indictment charging me with Malicious Use of Explosive Materials, in violation of 18 U.S.C. § 844(i) because I am in fact guilty of this offense. I will plead guilty to Count 5 of the Indictment charging me with Mailing a Threatening Communication in violation of 18 U.S.C. § 876(c) because I am in fact guilty of this offense. I understand the maximum possible penalties that may be imposed upon me for these offenses are listed below:

| Count | Prison | Fine | Supervised Release |
|---|---|---|---|
| 1 | 0-10 years | $10,000 | 3 years |
| 2 | 0-20 years | $250,000 | 5 years |
| 3 | 7-40 years | $250,000 | 5 years |
| 5 | 0-5 years | $250,000 | 3 years |

I understand that the 7-year mandatory minimum sentence imposed for violating Count 3 shall run consecutive to the sentence imposed for violating Counts 1, 2, and 5.

I further understand that a special assessment of $100 will be imposed on each count of conviction in addition to any other penalty imposed and the $400 special assessment is due and payable prior to my sentencing hearing.

 b. The following agreements in this paragraph are submitted to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and are **binding** upon the Court. I understand this means that if the Court decides not to follow the agreement set forth in this sub-paragraph, then the Court will notify me that it has rejected this plea agreement and afford me the opportunity to then withdraw my plea of guilty. I understand if I then persist in my guilty plea, the disposition of the case may be less favorable to me than that contemplated by this plea agreement.

  i. The United States Attorney and I agree that I should

4

    receive a sentence of twenty-nine (29) years imprisonment.

c.  I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offenses as well as the full extent of my criminal history.

d.  I agree to make restitution to the victims of my offense in an amount to be determined by the sentencing court. I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

e.  Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the United States Attorney agrees after the Court imposes my sentence to move to dismiss Count 4.

f.  I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal

5

under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Counts 1, 2, 3, and 5. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

From 2012 through August 2017, I engaged in a series of online postings and communications concerning other residents of Northwest Indiana. Through these online postings and communications, I made statements in multiple online forums, including a webpage "blog" format that I controlled and administered.

Victim 1 was an attorney who represented an individual in a lawsuit against me. This lawsuit was filed in the Lake County, Indiana Superior Court in 2013 based upon statements I made on my blog. After the filing of the lawsuit, I filed bankruptcy in the United States Bankruptcy Court, Northern District of Indiana. Through filings made in the Bankruptcy Court, Victim 1 claimed the lawsuit could not be discharged in bankruptcy. I agreed to settle the lawsuit with Victim 1's client. The settlement required me to pay Victim 1's client $45,000 and post an apology on my blog. I paid $45,000 and made an online apology.

In retaliation for the filing and settling of this lawsuit and other grudges I held, I devised a plan to construct and mail a pipe bomb that I hoped and believed would kill or injure Victim 1. I constructed this pipe bomb and knew that it contained explosives and items that would produce shrapnel. The pipe bomb was constructed in the Northern District of Indiana. The pipe bomb was not registered in the National

Firearms Registration and Transfer Record.

On September 6, 2017, I placed the pipe bomb in the mail by delivering it to the United States Post Office, 901 East Chicago Avenue, East Chicago, Indiana and ensuring it had the appropriate postage. I mailed the pipe bomb with the intention that it kill or injure Victim 1. I am aware the pipe bomb exploded before it was delivered to Victim 1 and instead injured Victim 2, a postal worker. I damaged the Post Office where the pipe bomb exploded. At the time of the explosion, the Post Office was used in interstate commerce or was used in an activity affecting interstate commerce.

I engaged in online communications with Victim 3. Victim 3 was a resident of Northwest Indiana. I was upset with, and held grudges against, both Victim 1 and Victim 3. On September 29, 2017, I mailed a threat to kill or injure Victim 3. I placed this threatening communication in the mail in the Northern District of Indiana and it was post marked to, and I am now aware later delivered to, Victim 3 in the Northern District of Indiana.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States Attorney may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States Attorney could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.


*/s/ Erick Krieg*  */s/ Kevin Milner*
Eric Krieg  Kevin Milner
Defendant  Attorney for Defendant


APPROVED:

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY


/s/ Joshua P. Kolar
Joshua P. Kolar

*/s/ Jennifer Chang*
Jennifer Chang
Assistant U. S. Attorneys