UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:17 CR 146 JVB |
| | ) | |
| ERIC KRIEG | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America through Thomas L. Kirsch II, United States Attorney, and makes the following arguments concerning the defendant's sentence.

Title 18, United States Code, Section 3553(a) sets forth a number of factors, including but not limited to the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and the need for the sentence imposed to afford adequate deterrence and protect the public.

On December 4, 2018, the Defendant pleaded guilty to Counts 1, 2, 3, and 5 of the Indictment. Count 1 charged Making an Unregistered Destructive Device, Count 2 charged Mailing a Destructive Device, Count 3 charged Malicious Use of Explosive Materials, and Count 5 charged Mailing a Threatening Communication. The plea agreement was made pursuant to Rule

1

11(c)(1)(C) of the Federal Rules of Criminal Procedure and the parties agreed that the defendant should receive a sentence of twenty-nine (29) years imprisonment. In exchange for the defendant's guilty plea, the government agreed to move to Court at the time of sentencing to dismiss Count 4, which would have required the Court to impose a mandatory minimum 30-year term of imprisonment up to a maximum of life. That term of imprisonment would have had to be consecutive to any other term of imprisonment imposed.

The government respectfully asks the Court to accept the agreement of the parties and submits that a 29-year term of imprisonment is a fair and reasonable sentence under all circumstances based on the following factors:

### I.     Nature and circumstances of the offense

Between 2012 and August 2017, Krieg engaged in a series of online postings and communications concerning topics including other residents of Northwest Indiana. Through these online postings and communications, the defendant made statements in multiple online forums, including a webpage "blog" format that he controlled and administered. Victim 1 was an attorney who represented an individual in a lawsuit against the defendant. That lawsuit was filed in Superior Court in Lake County, Indiana in 2013 based upon statements Krieg made on his blog. After the filing of the lawsuit, Krieg filed

bankruptcy in U.S. Bankruptcy Court in the Northern District of Indiana. Through filings made in Bankruptcy Court, Victim 1 claimed the lawsuit could not be discharged in bankruptcy. Krieg agreed to settle the lawsuit with Victim 1's client. The settlement required Krieg to pay Victim 1's client $45,000 and post an apology on his blog. Krieg paid $45,000 and made an online apology.

In retaliation for the filing and settling of that lawsuit, Krieg devised a plan to construct and mail a pipe bomb that he hoped and believed would kill or injure Victim 1. Krieg constructed the pipe bomb and knew that it contained explosives and items that would produce shrapnel.

On September 6, 2017, Krieg placed the pipe bomb in the mail by delivering it to the United States Post Office located at 901 East Chicago Avenue in East Chicago, Indiana and ensuring it had the appropriate postage. Krieg mailed the pipe bomb with the intention that it kill or injure Victim 1. The pipe bomb exploded before it was delivered to Victim 1 and instead injured Victim 2, a postal worker. Victim 2 was handling the package when it detonated. Victim 2, who was pregnant at the time, suffered minor injuries including cuts, abrasions, and bruises to her head, legs, and feet. The pipe bomb explosion also damaged the Post Office.

Krieg engaged in online communications with Victim 3. On September 29, 2017, Krieg mailed a threat to kill or injure Victim 3. Krieg placed the threatening communication in the mail and it was later delivered to Victim 3, who lives in Northwest Indiana. The mailing contained a bullet and a message. The bullet was wrapped in tape and had the message, "The next one will be in the back of your head."

On October 12, 2017, FBI agents interviewed Krieg. He initially denied involvement in mailing an explosive device; however, he eventually admitted to the mailing. He told agents that he left his work at BP and traveled to the Post Office in East Chicago, Indiana. He provided a description of what he was wearing, which matched surveillance camera images of a person entering and leaving the area of the Post Office and also matched multiple witnesses' description of an individual inside the Post Office. Krieg also admitted to manufacturing the destructive device that he mailed. In doing so, Krieg admitted to putting together specific components of the destructive device. His description of the destructive device he assembled matched components of the device that were recovered from the Post Office after the explosion. Krieg admitted to using M-80 type powder in the destructive device. Krieg also admitted to mailing Victim 3 a threatening letter.

4

Krieg's actions, motivated by revenge and retaliation, greatly disrupted the lives of three victims. Victim 1 was doing his job representing a client in a standard civil lawsuit. For doing nothing more than performing his duty as an attorney, Krieg targeted Victim 1 and mailed a pipe bomb to his residence. Had Krieg's pipe bomb detonated as he planned, any member of Victim 1's family could have been seriously injured or killed upon opening the package. Since Krieg's pipe bomb did not detonate as planned, but instead detonated early, Victim 2 was injured while she was performing her job at the Post Office. Victim 2 was pregnant at the time but thankfully she sustained minor injuries as a result of the detonation and her unborn child was not harmed. Krieg mailed a bullet and a threatening letter to Victim 3, targeting him for revenge purposes as well.

## II.     History and characteristics of the defendant

The defendant does not have any criminal history. PSR ¶61-62. At the time of his arrest, Krieg was living in Munster with his now ex-wife and their four school-aged children. PSR ¶66-68. Krieg disclosed that medical staff at the Porter County Jail diagnosed him with depression (PSR ¶70) but there are no reports of mental health issues or treatment prior to his incarceration. He also does not appear to have any substance abuse issues. PSR ¶71.

Krieg obtained his Masters Degree in Mechanical Engineering. PSR ¶72. He was employed at BP in Whiting, Indiana from August 2007 until his arrest in October 2017. PSR ¶75.

### III. <u>Seriousness of the offense, respect for the law, just punishment, deterrence, and protection of the public</u>

Section 3553 requires the court to consider "the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment," in addition to requiring the court to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant." A sentence of imprisonment of 29 years will serve to deter the defendant from future criminal behavior, in addition to deterring others from committing similar offenses. Such a sentence will also serve as just punishment, protect the public from the defendant, and promote respect for the law. Such a sentence is not greater than necessary to accomplish these goals under Section 3553.

## IV. Conclusion

Wherefore, based upon the balance of all Section 3553 factors, the government respectfully requests the Court accept the plea agreement and sentence the defendant to a 29-year term of imprisonment.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By:    /s/ *Jennifer Chang*
Jennifer Chang
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel: (219) 937-5500
Fax: (219) 852-2770
Email: Jennifer.chang@usdoj.gov