# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-146-JVB-JEM |
| ) | |
| ERIC KRIEG, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Bail Pending Appeal Under Federal Rules of Appellate Procedure 23 [DE 80] filed by Defendant Eric Krieg on July 16, 2020.

## BACKGROUND

On October 12, 2017, a criminal complaint was filed against Defendant. He was arrested, and an initial appearance was held before Magistrate Judge Susan Collins on that same date. On October 17, 2017, a contested detention hearing was held before Magistrate Judge John Martin. Evidence was proffered and argument was heard. Judge Martin ordered that Defendant be held without bond pending trial.

On November 8, 2017, a five-count indictment was filed, charging Defendant with (1) making an unregistered destructive device, (2) mailing a destructive device, (3) malicious use of explosive materials, (4) possessing a destructive device in furtherance of a crime of violence, and (5) mailing threatening communications.

Pursuant to a plea agreement, on December 4, 2018, Defendant pled guilty to the charges against him except to the charge of possessing a destructive device in furtherance of a crime of violence, which was dismissed pursuant to the Government's motion at the April 4, 2019 sentencing hearing. The Court sentenced Defendant to a term of 348 months incarceration and

2 years supervised release. No appeal was filed. On July 29, 2019, Defendant filed the pending motion under 29 U.S.C. § 2255. On April 20, 2020, Defendant filed a motion to amend his § 2255 motion. The instant motion requesting bail was filed on July 16, 2020.

### ANALYSIS

Though Defendant invokes Appellate Rule 23, the pending matter is Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Thus, Appellate Rule 23 does not apply. *See United States v. Thomas*, No. 1:07-CR-72, 2010 WL 11647121, at *1 (June 28, 2010) ("By its plain language, Rule 23 applies only when a prisoner has already been successful on a writ of habeas corpus and has obtained a decision ordering his release."). Still, "federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). Under these circumstances, bail is not often granted because

> [a] defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.*

District courts within the Seventh Judicial Circuit have adopted a two-pronged test for determining whether bail is appropriate pending resolution of a § 2255 motion: (1) does the petition raise a substantial constitutional claim which has a high probability of success, and (2) do extraordinary or exceptional circumstances exist such that bail must be granted to afford the petitioner an effective remedy? *See United States v. Tartareanu*, No. 2:12-CR-175, 2018 WL

6583909, at *1 (N.D. Ind. Dec. 14, 2018), *appeal docketed*, No. 19-1016 (7th Cir. Jan. 3, 2019); *Zollicoffer v. United States*, Civil No. 15-03337, 2017 WL 76936, at *2 (C.D. Ill. Jan. 9, 2017).

For the first prong, Defendant asserts that he received ineffective assistance of counsel during his criminal case and that he is actually innocent of possessing a destructive device in furtherance of a crime of violence in violation 18 U.S.C. § 924(c), which is the count that was dismissed at sentencing. Defendant further argues that the sentencing guidelines calculation in the pre-sentence report was much too high.

For the second prong, Defendant cites the coronavirus pandemic and the fact that he has already served a longer sentence than that to which he should have been sentenced. Defendant also notes that he has been incarcerated in a higher security facility than that which was warranted. However, because the first prong is not satisfied, the Court will not need to address these second prong arguments.

Defendants seeking to obtain relief under a theory of ineffective assistance of counsel "face a high burden." *Tartareanu*, 2018 WL 6583909 at *2. As is natural for one seeking relief, Defendant contends that he has a high probability of success on this matter, but the Court is not convinced. In his § 2255 motion and amendment to that motion, Defendant argues that his counsel should not have advised him to take the plea agreement offered by the Government, should have objected to the pre-sentence investigation report, should have objected to the guidelines calculation, and should have objected to conditions of supervised release.[1]

Though the Court makes no ultimate finding on these issues raised in the § 2255 motion at this time, the Court cannot say that Defendant has a high probability of success. Though Defendant contends that there is no crime of violence to support the dismissed charge (and thus he gained no

---

[1] In his motion for bail, Defendant further argues that counsel was ineffective for not objecting to Defendant's detention. However, detention was contested, and this issue was not raised in the § 2255 motion or amendment.

benefit in obtaining the Government's agreement to dismiss that count), the Government counters that counsel's advice to Defendant was consistent with prevailing case law at the time and the Indictment did not specify the particular crime of violence underpinning the charge. Defendant's counsel, in a sworn affidavit, indicates that he discussed this issue at length with Defendant, with both of them concluding that, in their opinions, the crime of violence element would be satisfied.

Additionally, at the sentencing hearing, Defendant stated that reviewed the presentence report and the probation officer's recommendation as to his sentence and that he had no objections to the presentence report. Defendant also stated that he agreed that the calculations for the offense level in the report were correct and that the Court's findings regarding the sentencing guidelines were correct. There is no high probability of success for these arguments.

Defendant also argues in his § 2255 motion that counsel failed to file a notice of appeal on Defendant's behalf. In his affidavit, Defendant's counsel averred that Defendant never asked counsel to file a notice of appeal and that Defendant advised that he did not wish to seek an appeal. Thus, the Court cannot say that there is a high probability of success on this issue.

Accordingly, the Court finds that the first prong of the test is not met, so bail pending the outcome of Defendant's § 2255 motion is not warranted. The interest in finality of the criminal proceedings in not overcome. *See Cherek*, 767 F.2d at 337.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Motion for Bail Pending Appeal Under Federal Rules of Appellate Procedure 23 [DE 80].

SO ORDERED on July 23, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
