-FILED-
JUN 04 2021
M. [...] Clerk
[...] COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

U.S. of America )
)
)
v. ) Case No.: 2:17-CR-00146
)
)
Eric Krieg )

Motion for Summary Judgement

The defendant, Eric Krieg, pro se, files this motion for summary judgement in the above case number, and states the following:

1) The defendant is currently incarcerated by the Federal Bureau of Prisons at the Berlin Federal Correctional Institute in Berlin, New Hampshire.

2) The defendant has a §2255 motion to vacate sentence currently before this court.

3) The prosecution has replied to the defendant §2255 motion.

4) The defendant has replied to the prosecution's reply.

5) According to Rule 12, 18 U.S.C. §2255,

the Federal Rules of Civil Procedure may be applied to §2255 proceedings.

6) According to Rule 56(a) of the Federal Rules of Civil Procedure, this defendant may move for summary judgement for any claim if he shows that there is no general dispute as to any material fact and he is entitled to judgement as a matter of law.

7) According to Rule 56(b), this defendant can move for summary judgement 30 days after the close of discovery. The defendant believes that this milestone has been reached with regards to the forthcoming claims, and asks the court to agree.

8) In the prosecution's reply to the defendant's §2255 motion, they do not argue that §844( (arson) is in fact a crime of violence, therby defaulting to the defendant's argument in his §2255 motion that it is not a crime of violence for the purposes of 18 U.S.C. §924(c). And, of course, it is now acknowledged by all that §844(i) is not a crime of violence. For example, see U.S. v. Polchan, 2020 U.S. Dist. LEXIS 96743 (N.D. ILL. 2020) at 2:

"Thus, the only remaining way [that 844(i)]

can qualify as a crime of violence is if [it] has the element of the use, attempted use, or threatened use of physical force against the person or property of another. The parties agree that §844(i) includes arson against one's own property, and not [just] that of another, so does not qualify as a crime of violence under the elements clause."

9) As the prosecution has defaulted on the question of if §844(i) is a crime of violence, the defendant respectfully requests this court to find that the parties are in agreement that §844(i) is not a crime of violence.

10) In the prosecution's reply to the §2255 motion, they disagree that §1716(j)(2) is also not a crime of violence. They are clearly mistaken. Note that the path through the case law for U.S. v. Polchan to reach the conclusion that §844(i) is not a crime of violence runs through U.S. v. Sweeney, 2018 U.S. App LEXIS 33073 (7th Cir. 2018) which refers to

U.S. v. Salas, 889 F.3d 681, 684 (10th Cir. 2018) which actually cites Torres v. Lynch, 136 S.Ct. 1619, 1629-30 (2016). In discussing crimes of violence in general, at 25-25 the Supreme Court notes in Torres that:

> "The 'crime of violence' provision would not pick up demanding a ransom for kidnapping. See § 875(a) (defining the crime without any reference to physical force) [and thus invalidating § 875(a) as a crime of violence].... And indeed, it would not reach arson in many states [as well as § 844(i), (d), (e), or (f)] defining that crime to include the destruction of one's own property. See Jordan v. Keisler, 501 F.3d 1134, 1135 (CA9 2007). (holding that a violation of California's arson statute does not constitute a crime of violence for that very reason).; Tr. of Oral Arg. 28-29 (Solicitor General Agreeing with this interpretation)."[10]
>
> [10] In all these states [as well as § 844(i)] arsons of every sort (whether against

one's own property or another's) would fall outside of the 'crime of violence' provision."

11) <u>Torres</u>' discussion of crimes of violence uses arson merely as an example of a statute that is not a crime of violence because it can be committed against one's own property. Torres is equally applicable to §844(d), (e), or (f) other federal arson statutes that reference "other property". It is also applicable to other non-arson statutes referencing "other property", not just §1716(j)(2) which we are concerned with here, but 18 U.S.C. §1363 (criminal mischief) as well.

12) <u>Torres</u> is applicable to §1716(j)(2) because it defined that "other property" includes one's own property. The plain language of §1716(j)(2) states that it applies to someone intending to injure "other property". And we know from <u>Hughley v. U.S.</u>, 495 U.S. 11, 415, 110 S.Ct. 1979 (1990) that:

> "As with all questions of statutory construction, we start with the text of the statute to ascertain its plain meaning."

Thus, the combination of the plain meaning of §1716(j)(2)'s use of the phrase "other property" with Torres' defining of "other property" to include "one's own property" results in §1716(j)(2) also not being a crime of violence, just like §844(i), and did so in 2016.

13) In the prosecution's reply they suggest that Count 5, §876(c), could be the crime of violence for Count 4, §924(c). Clearly, this is not the case. Count 5 was a different course of conduct with a different victim, unrelated to any destructive device or firearm. Count 5 cannot be the predicate crime of violence for Count 4.

14) In Counsel Kevin Milner's affidavit, item 3, he says that he discussed with the defendant crimes of violence and that he advised the defendant that Counts 2, 3, and 5 could all be predicate crimes of violence for Count 4. As explained previously, this was and is incorrect. As early as 2016 it was clear, via Torres, that neither §844(i) nor §1716(j)(2) are crimes of violence, and it is intuitively obvious that Count 5 cannot be the predicate for Count 4.

U.S. v. Cardena, 842 F. 3d (7th Cir. 2015) made Johnson v. U.S., 135 S. Ct. 2551 (2015) (invalidating the so-called "residual clause") applicable to §924(c) in the 7th Circuit. Therefore, even at the time the defendant was charged, §924(c) could not be supported. Therefore, by Counsel's own sworn affadavit, he provided the defendant ineffective assistance in violation of the defendant's constitutional right to effective counsel. Any plea for a sentence in excess of the 8 to 10 years guidelines sentence calculated in the PSR (which noted that there were no aggravating factors not captured in the calculations) offered no benefit to the defendant. Thus, the actual plea the defendant signed, for 29 years, prejudiced the defendant.

15) Because the defendant was prejudiced by this ineffective assistance of Counsel, and because he is not now nor never was subject to §924(c) the 29 year sentence the defendant received must be vacated.

Therefore, the defendant respectfully requests the court grant this summary

judgement and vacate the defendant's sentence.

Respectfully submitted,

*[signature]*

Eric Krieg, pro se
May 24, 2021