UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-146-JVB-JEM |
| ) | |
| ERIC KRIEG, ) | |
|     Defendant. ) | |

**FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

TO:   THE HONORABLE JOSEPH VAN BOKKELEN,
       UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF INDIANA

On July 21, 2022, Judge Joseph Van Bokkelen issued an Opinion and Order [DE 114] referring this matter to the undersigned Magistrate Judge for an evidentiary hearing and attendant report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court find that Krieg did not request that his attorney file a notice of appeal.

**I.    Background**

Krieg was charged in a five-count indictment for mailing a pipe bomb that injured a postal worker. Attorney Milner was appointed to represent him. On November 27, 2018, Krieg pled guilty to four counts of an Indictment against him. The plea agreement contained a provision that the mandatory minimum sentence for violating count 3 would run consecutive to the sentence imposed for violating the other three counts. A draft presentence report was provided by the probation department on February 13, 2019, and on February 25, 2019, Milner filed a statement of no objection on behalf of Krieg. Milner filed a sentencing memorandum on March 13, 2019,

1

and represented Krieg at his sentencing hearing on April 4, 2019. Krieg was sentenced to 29 years in prison in accordance with the plea agreement. No appeal of the sentence was filed.

On July 29, 2019, Krieg filed a motion to vacate his sentence, which was denied in part on July 21, 2022, with the factual question of whether and, if so, when, Krieg asked Milner to file an appeal of his sentence referred to the undersigned. He was appointed an attorney to represent him, and appeared via videoconferencing at an evidentiary hearing on November 1, 2022, at which Attorney Milner and Warden Kolitwenzew also testified. On November 10, 2022, Defendant and the Government each filed post-hearing briefs.

## II.  Hearing Testimony

At the hearing on November 1, 2022, the following testimony was adduced.

Attorney Milner explained that he has been a criminal attorney for almost 40 years and has extensive experience defending explosives cases and cases involving the Armed Career Criminal enhancement. He testified that he was retained to represent Krieg, and discussed the case, sentencing guidelines, and the presentence report at length with Krieg. In particular, he testified that they had extensively discussed the information obtained in the presentence report, including the sentencing guidelines, before he received the report, and when it did not contain any unexpected information filed a notice of no objection without discussing the actual report in person with Krieg.

Milner testified that he believed he met with Krieg on approximately March 11, 2019, between receiving the presentence report on March 5 and filing the sentencing memorandum on March 17, 2019.  Tr. 39-40. His recollection was based both on his typical practice and on a note in his file saying, "Per defendant on March 11." Tr. 19:12-16. He could not remember for sure if

2

he went to visit Krieg again before the sentencing. Milner testified that he also does not recall whether he spoke to Krieg in lockup prior to or after the sentencing hearing, but that he does remember speaking to him in the courtroom immediately prior to the hearing.

Krieg testified that he met with Milner prior to his sentencing date, and he thinks that the visit was on approximately Sunday, March 31, 2019. Tr. 52, 54. After he received the presentence report, he expressed to Milner that he was having some second thoughts about some things in the plea, including the question of whether the sentence would be served consecutively or concurrently, and that he tried to bring his concerns up just prior to the sentencing hearing. Tr. 59; 65. Krieg testified that when he met with Milner at the sentencing table he told his counsel, "I want to pull this plea back," and that when Milner said it was too late for that, he said "Well, okay, we are filing an appeal," to which Milner responded that they would discuss it after the sentencing. Tr. 59:15-19. However, Krieg testified, he had no further contact or conversation with Milner about appealing. Tr. 59.

Milner remembered the courtroom conversation differently, testifying that the conversation was about whether Judge Van Bokkelen would accept the plea agreement binding Krieg to a 29-year sentence, and whether there would be an appellate issue if he did not. Tr. 43:1-7. Milner also remembered speaking to Krieg just after the hearing, and Krieg confirmed "I got the 29 [year sentence]" from the agreement. Tr. 43:11-16. Milner also testified that Krieg's mother had been communicating with him on behalf of her son throughout his representation, and that they spoke shortly after the sentencing, with no mention of an appeal. Tr. 46. He did not recall any point in time after the sentencing through the date of appeal that Krieg contacted him, directly or indirectly, or asked him to file a notice of appeal. Tr. 47. Milner stated that had Krieg requested that he file a

3

notice of appeal, he would have done so, and that he has never, in his 40 years of practice, failed to file a notice of appeal requested by a client. Tr. 48.

Krieg agreed that he did not try to follow up with Milner after the sentencing, either directly or through his mother, and that he was depressed during the fourteen-day period to appeal. Tr. 60. He did not attempt to file the appeal on his own behalf. Tr. 67:25 – 68:21.

In addition, Warden Kolitwenzew testified that his review of the attorney visit records at Jerome Combs Detention Center, where Krieg was moved at some point shortly after the plea hearing, did not include any records that Mr. Milner visited Mr. Krieg between December 5, 2018, and May 4, 2019. Tr. 18.

### III.   Analysis

The Court finds Attorney Milner credible. He admitted the things that he could not recall, and explained his patterns and practices of representation developed over his many years of criminal defense work, as well as explaining the ways that his actions in Krieg's case differed in a few respects from the norm. In particular, he explained that although he typically discussed a presentence report with a client after receiving it, in this case he had so thoroughly discussed the guidelines and possible implications of Krieg's history with Krieg that there was no need for extensive conversation after receiving it since it did not deviate from what they had previously discussed. Both parties agree that there was only one conversation that mentioned the possibility of appeal, at counsel table just prior to sentencing. Milner recalls reassuring his client that if the agreed-upon sentence was not accepted or if he had been incompetent in his representation, Krieg could appeal, followed by a conversation after sentencing in which he checked in with Krieg, who was relieved to have received the 29-year sentence as reflected in the plea agreement. Milner's

4

actions at the time of sentencing and in the weeks following were consistent with that version of events and with his common practice over decades of representing criminal defendants.

Krieg's testimony was inconsistent and self-serving. He admits that he was under a lot of stress and suffering from depression at the time of the plea and afterwards, and he has an incentive now to misrepresent what happened in order to obtain more time to seek appeal or collateral attack and possibly reduce his sentence.

In short, the Court finds that the most plausible scenario is that there was a conversation in which an anxious client sought reassurance that an appeal is possible if things go wrong, then was relieved when the much-considered plea agreement is accepted, rather than a client backing out of a thoroughly discussed and well understood plea agreement just before sentencing but then not following up on his desire to appeal it either in conversations with his attorney immediately after sentencing or in the weeks thereafter. Accordingly, the Court recommends that Judge Van Bokkelen find that Krieg did not request that Milner file an appeal.

### IV.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the District Court find that Krieg did not request that his attorney file a notice of appeal. Objections to the Recommendation are waived unless filed and served within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1).

SO ORDERED this 22nd day of December, 2022.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:    All counsel of record
       District Judge Joseph Van Bokkelen

5