UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|     Plaintiff,       ) | |
|            ) | |
|     v.       ) | CAUSE NO.:  2:17-CR-146-JVB-JEM |
|            ) |                 2:19-CV-273-JVB |
| ERIC KRIEG,       ) | |
|     Defendant.       ) | |

**OPINION AND ORDER**

    This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence Pursuant 28 U.S.C. § 2255 [DE 44] filed by Defendant Eric Krieg on July 29, 2019. The motion was denied in part on July 21, 2022. The portion of the motion that remains pending concerns whether Krieg asked his counsel to file a notice of appeal. This part of the motion was referred, under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Criminal Procedure 59(b), and Northern District of Indiana Local Rule 72-1, to Magistrate Judge John Martin to conduct an evidentiary hearing and to submit to the Court proposed findings of fact and recommendations on the disposition of the issue.

    Judge Martin held an evidentiary hearing on November 1, 2022, and issued his Findings and Recommendation [DE 152] on December 22, 2022, in which he recommends that the Court find that Krieg did not request that his attorney file a notice of appeal. The parties were given notice that they had fourteen days in which to file objections to the findings and recommendation. No party has filed objections.

    The Court sees no clear error in Judge Martin's Findings and Recommendation and adopts it in full. The Court finds that Krieg did not request that his counsel file a notice of appeal. As a result, Krieg's request for § 2255 relief based on the alleged request that counsel file a notice of

appeal is denied. With no request to file a notice of appeal having been made, Krieg's counsel had no duty to file such a notice.

As Krieg's § 2255 motion is now being fully resolved, the Court must determine whether to issue a certificate of appealability. A certificate of appealability may issue only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The determination involves a threshold inquiry into whether the district court's decision is debatable by reasonable jurists. *Id.* at 336. It is not necessary to show that an appeal will be successful. *Id.* at 337. Rather, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342. When issuing a certificate of appealability, the Court must indicate which specific issue or issues satisfy the substantial showing requirement. 28 U.S.C. § 2253(c)(3).

By not objecting to Judge Martin's proposed factual finding that Krieg did not ask his counsel to file an appeal, Krieg has waived appellate review of the matter, in essence conceding the factual question. *See* Fed. R. Crim. P. 59(b)(2); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904-05 (7th Cir. 1999); *see also LeFlore v. Pollard*, 295 F. App'x 95, 97 (7th Cir. 2008) (noting the magistrate judge had declined to enter a certificate of appealability on a procedurally defaulted argument). Therefore, the Court does not find that the issue resolved today meets the substantial showing requirement. Further, the Court also finds that no issue resolved in the Court's prior order partially resolving Krieg's request for § 2255 relief meets the substantial showing requirement. No certificate of appealability will issue.

Having reviewed the report and recommendation, the Court finds no clear error. Therefore, noting the lack of objection, the Court hereby **ADOPTS** in its entirety Judge Martin's Findings and Recommendation [DE 152] and incorporates the Findings and Recommendation into this Opinion and Order, Accordingly, the Court **DENIES** the remaining portion of the Motion to Vacate, Set Aside, or Correct Sentence Pursuant 28 U.S.C. § 2255 [DE 44]. The Court **DECLINES** to issue a certificate of appealability.

SO ORDERED on January 6, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT