UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>  v. )<br> )<br>ERIC KRIEG, )<br>    Defendant. ) | CAUSE NO.: 2:17-CR-146-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. Sec. 3582(c)(2)/U.S.S.G. Amendment 821/Zero-Point Offenders [DE 175] filed by Defendant Eric Krieg, *pro se*, on February 29, 2024. The Government responded in opposition on June 20, 2024, and Krieg replied on July 22, 2024.

In this motion, Krieg asks the Court to apply United States Sentencing Guidelines Amendment 821 to Krieg's guidelines calculation and lower his sentence accordingly. Krieg admits that he does not meet the amendment's criteria for relief, but he argues that those criteria are beyond the Sentencing Commission's authority and in contravention of the United States Constitution.

This matter is also before the Court on a July 29, 2024 Motion to Take Judicial Notice [DE 197] (the "July motion") and on an August 19, 2024 Motion to Take Judicial Notice [DE 201] (the "August motion"), both of which were filed by Krieg and to which there are no responses.

In the July motion, Krieg asks the Court to take judicial notice of Justice Jackson's dissent in the recent Supreme Court decision *Erlinger v. United States*. In the August motion, Krieg asks the Court to take judicial notice of Krieg's "formalized and tabulated" analysis of data points and an article that Krieg has submitted for publication.

## PROCEDURAL BACKGROUND

Krieg was charged in a five-count indictment of (1) making an unregistered destructive device in violation of 26 U.S.C. §§ 5861(f), 5845(a), (f); (2) mailing a destructive device in violation of 18 U.S.C. § 1716(j)(2); (3) malicious use of explosive materials in violation of 18 U.S.C. § 844(i); (4) possessing a destructive device in furtherance of a crime of violence in violation of 18 U.S.C.§ 924(c)(1)(A), (B)(ii); and (5) mailing threatening communications in violation of 18 U.S.C. § 876(c).

On December 4, 2018, Krieg pled guilty to Counts 1, 2, 3, and 5 pursuant to a plea agreement. Count 4 was dismissed on the Government's motion at the April 4, 2019 sentencing. On Counts 1, 2, 3, and 5, the Court sentenced Krieg to 348 months of imprisonment followed by two years of supervised release. This term of imprisonment was a binding term of the plea agreement.

## LEGAL BACKGROUND

On April 27, 2023, the United States Sentencing Commission voted to create a new §4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specified aggravating factors. The Commission also voted on that date to limit the overall impact of "status points" on certain offenders' criminal history by amending §4A1.1. These changes are deemed "Amendment 821." On August 24, 2023, the Commission voted to give retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

The general rule is that a court may not modify a term of imprisonment once imposed. 18 U.S.C. § 3582(c). Krieg brings his motion under 18 U.S.C. § 3582(c)(2), which provides an

2

exception to the general rule when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

## ANALYSIS

### A. Motions for Judicial Notice

The Court can take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

#### 1. The July Motion

In Krieg's July motion for judicial notice, he asks the Court to take judicial notice of these portions of Justice Jackson's dissent in *Erlinger v. United States*:

> To be fair, the principal justification that has been given for *Apprendi*'s conflation of elements and sentencing factors is a historical one. The account that has been provided in some of the Court's opinions is that, during the founding era, once the facts of the offense were determined by the jury, the judge was meant simply to impose the prescribed sentence. But the accuracy of this historical account is debatable. Scholars have suggested that, far from the simplistic picture painted by the Court in *Apprendi*, the historical tradition was not uniform, suggesting that the common law had no fixed rule on the subject.

602 U.S. 821, 881 (2024) (Jackson, J., dissenting) (citations and internal quotation marks omitted).

> Once a defendant has been found guilty of a crime—*i.e.*, once a jury has made the requisite factual findings establishing the elements of the crime—judges have traditionally been entrusted with substantial discretion to impose the appropriate sentence. Indeed, at the dawn of our Republic, the very first Congress enacted many criminal laws that prescribed a range of possible punishments, leaving it to judges to determine the proper sentence.
>
> For example, the First Congress declared that misprision (*i.e.*, concealment) of a felony was punishable by imprisonment not exceeding three years and a fine not exceeding five hundred dollars. Stealing or falsifying court records was punishable by imprisonment not exceeding seven years and whipping not exceeding thirty-nine

3

> stripes. At least 14 other federal crimes enacted during this time gave judges discretion over similar sentencing ranges.

*Id.* at 875 & n.2 (Jackson, J., dissenting) (citations and internal quotation marks omitted).

The Court can take judicial notice of the fact that these paragraphs are contained in Justice Jackson's dissent and that they say what they say. The Court cannot and does not take judicial notice of any argument Krieg makes regarding the impact of these paragraphs on his Amendment 821 motion. The Court grants this motion for judicial notice.

### 2. The August Motion

Krieg's August motion for judicial notice is an attempt to submit a surreply under another name. Krieg's argument in his submitted article and data is that the Sentencing Commission's claim that its research shows that "violent offenders" and "firearm offenders" have higher recidivism rates is not supported by data. In other words, Krieg is admitting that the thesis of his paper is in dispute with the Sentencing Commission's claim. Finding this dispute with his thesis to be reasonable, the Court must deny this motion because Rule 201(b) only allows judicial notice of facts that are not subject to reasonable dispute.

### B. Motion to Modify Sentence

There is no liberty interest in a sentence reduction, *Thelen v. Cross*, 656 F. App'x 778, 780 (7th Cir. 2016) (denial of a chance to reduce an already imposed sentence was not a deprivation of liberty), and a sentence reduction has "highly significant" "fundamental differences" from an initial sentencing, not the least of which is that sentence-modification is not constitutionally compelled, *Dillon v. United States*, 560 U.S. 817, 829, 830 (2010).

The Court can modify a sentence under 18 U.S.C. § 3582 if a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Even though Krieg's sentence results from a binding plea agreement, "[a]

4

sentence imposed pursuant to a binding plea agreement 'is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence.'" *United States v. McGhee*, No. 24-1065, 2024 WL 2105466, at *2 (7th Cir. May 10, 2024) (quoting *Hughes v. United States*, 584 U.S. 675, 686 (2018)). Amendment 821 to the United States Sentencing Guidelines provides for a two-level decrease to the offense level for individuals who had no criminal history points and who do not meet specific criteria.

Krieg readily admits that he does not qualify for a reduced sentence under Amendment 821's new § 4C1.1(a) because he does not meet the criteria. The third criterion is "the defendant did not use violence or credible threats of violence in connection with the offense," and Krieg pled guilty to mailing threatening communications. The seventh criterion is "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense," and Krieg pled guilty to making an unregistered destructive device, mailing a destructive device, and malicious use of explosive materials. The Court agrees with Krieg's assessment that he does not meet the § 4C1.1(a) criteria for relief.

Krieg nevertheless asks the Court to reduce his sentence, arguing that the Sentencing Commission acted in excess of its authority and in violation of the Due Process and Equal Protection Clauses of the Fifth Amendment to the Constitution by classifying individuals based on offense characteristics.

Congress has directed the Sentencing Commission to consider "comments and data coming to its attention" when reviewing and revising the sentencing guidelines. 28 U.S.C. § 994(o). Krieg admits that the commentary to Amendment 821 reports that the exclusion criteria for zero-point offenders are based on "extensive data analysis and public comment." (§ 3582 Mot. at 13, ECF

No. 175). Krieg argues, though, that the comments cannot contravene data based on the requirement for the guidelines to be "fair" and without "unwarranted sentencing discrepancies." *Id.* at 14 (citing 28 U.S.C. § 994(f)). This may be Krieg's opinion, but the Court finds no support for the contention that, in the name of fairness, data must override public comment, so the Court does not accept this argument.[1] Likewise, the Court cannot say that any sentencing discrepancy between those convicted of violent or firearm offenses and those not convicted of such offences is "unwarranted," as the natures of such offenses are themselves different in character.

Krieg would also have the Court find that any exclusionary criterion not based on "data" is arbitrary and capricious. Krieg fails to fully form his argument on this basis, and merely asserting that something must be arbitrary and capricious does not make it so. The Sentencing Commission was to consider comments and data, and comments and data are listed as bases for the exclusionary criteria. The contention that the criteria are arbitrary and capricious lacks support.

Sentencing guidelines are subject to rational basis review.[2] *United States v. Carroll*, 110 F.3d 457, 461-62 (7th Cir. 1997). A provision passes rational basis review if it is rationally related to a legitimate government interest. *Id.* Here, there is a rational basis for the challenged exclusionary criteria—these criteria are considered to present circumstances where "the seriousness of the instant offense of conviction or the existence of aggravating factors in the instant offense" render exclusion from reduction appropriate. Amendments to the Sentencing Guidelines,

---

[1] The Court assumes Krieg to be implying that "data," for the purpose of reviewing and revising the sentencing guidelines, is necessarily quantifiable and objective. Broadly speaking, however public comments themselves are a form of data. Even adopting Krieg's limited definition of "data," the Court notes that "the community view of the gravity of the offense," is a characteristic of offenses that Congress directed the Sentencing Commission to consider (when relevant) in setting the guidelines, so the purported primacy of data over public comment is not supported by statute. *See* 28 U.S.C. § 994(c)(4).

[2] Krieg believes that *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), creates a burden for the Government to present a historical analogue to the regulation here. *Bruen* provides a framework for analyzing Second Amendment claims, though, not challenges to non-firearm regulations in general or sentencing guidelines in particular. Accordingly, *Bruen* does not affect the outcome of Krieg's motion.

U.S. Sent'g Comm'n, at 79-80 (Apr. 27, 2023); *cf.* 18 U.S.C. § 3553(f) (disqualifying violent or firearm offenses from safety-valve relief). There is a legitimate interest in sentencing individuals in light of the seriousness of—or aggravating factors involved in—the offenses of which they are convicted. The exclusionary criteria that Krieg challenges are rationally related to this interest.

In sum, Krieg is excluded from relief from the zero-point offender provision of Amendment 821 due to the exclusionary criteria, and his challenge to the exclusionary criteria fails. Accordingly, the Court denies his motion for a sentence reduction.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the Motion to Take Judicial Notice [DE 197], **DENIES** the Motion to Take Judicial Notice [DE 201], and **DENIES** the Motion to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. Sec. 3582(c)(2)/U.S.S.G. Amendment 821/Zero-Point Offenders [DE 175].

SO ORDERED on December 2, 2024.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT