UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:17-CR-146-JVB-JEM<br>) |
| ERIC KRIEG,<br>      Defendant. | )<br>) |

## OPINION AND ORDER

This matter is before the Court on an Amended Motion to Reopen Final Judgement Pursuant to F.R. Civ. P. Rule 60(b)(1) [DE 174], filed by Defendant Eric Krieg on January 2, 2024.[1]

Krieg asserts that the Court made a mistake in its order on his 28 U.S.C. § 2255 petition because his general sentence of 348 months incarceration is per se illegal and should have been corrected *sua sponte* by the Court.

## PROCEDURAL BACKGROUND

Krieg was charged in a five-count indictment of (1) making an unregistered destructive device, (2) mailing a destructive device, (3) malicious use of explosive materials, (4) possessing a destructive device in furtherance of a crime of violence, and (5) mailing threatening communications in violation of 18 U.S.C. § 876(c).

On December 4, 2018, Krieg pled guilty to Counts 1, 2, 3, and 5 pursuant to a plea agreement with a binding term of an agreed 348-month sentence. Pursuant to the plea agreement, Count 4 was dismissed on the Government's motion at the April 4, 2019 sentencing. On Counts 1, 2, 3, and 5, the Court sentenced Krieg to 348 months of imprisonment. Also as part of the plea agreement, Krieg expressly waived his rights to appeal or to contest his conviction and all

---

[1] Krieg receives the benefit of the prisoner mailbox rule, so this does not match the date on the docket, which is January 8, 2024. *See Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015).

components of his sentence or the manner in which the sentence was determined or imposed on any ground other than ineffective assistance of counsel.

## ANALYSIS

Early in his motion, Krieg concedes that he did not and could not have brought his argument for *sua sponte* judicial action in his § 2255 motion due to his appellate waiver. (Mot. 6, ECF No. 174). His appellate waiver still applies to the current procedural phase—he cannot contest "[his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel." (Plea Agreement § 7.f, ECF No. 28).

In addition to challenging his sentence and how it was imposed in contravention of the appellate waiver, Krieg argues (citing only out-of-circuit case law) that the "general sentence" of 348 months of incarceration is per se illegal and should have been corrected by the Court *sua sponte* in its ruling on the § 2255 motion. Accordingly, Krieg is seeking to revisit this Court's decision on his § 2255 motion and the present argument is attempting to bring a successive § 2255 argument under a motion by another name. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). Krieg has not received permission to bring a second § 2255 motion, and Rule 9 of the Rules Governing Section 2255 Proceedings requires that, "before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. 2255, para. 8."

Later in his motion, Krieg changes course and argues that he should not be bound by the appellate waiver. An exception to the general enforceability of appeal waivers exists where a sentence exceeds the statutory maximum. *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016). Count 3, to which Krieg pled guilty, bears a maximum penalty of 40 years (that is, 480

2

months) of imprisonment. The other counts of conviction have statutory maximums under 29 years. Krieg and the Government agreed to a 29-year (348 month) sentence.

The Court does not address this argument on the merits. Assuming the Court were inclined to take Krieg's view that the sentence as imposed presents an exception to the appellate waiver, this is still an attempt to have the Court revisit its § 2255 ruling, and Krieg has not received permission to bring a second § 2255 motion.

Krieg tries to get around the rule regarding successive § 2255 petitions by making analogies to *Blitch v. United States*, 39 F.4th 827 (7th Cir. 2022). While "a Rule 60(b) motion that attacks some defect in the integrity of the federal habeas proceedings" should not be considered a successive § 2255 motion, that is not what is happening here. *Id.* at 832 (citation omitted). In *Blitch*, the focus of the motion was that the district court did not acknowledge or rule on an argument raised in the proceedings, and the Seventh Circuit determined that this should not be treated as a successive § 2255 petition. *Id.* at 833. In the case at bar, the focus of the motion is that the "general sentence" is not allowable by law. This is an attack on the merits, not the integrity of the § 2255 proceedings, and it should be treated as a successive § 2255 petition.

Thus, the Court lacks jurisdiction to consider the arguments in Krieg's motion because permission for a second § 2255 motion has not been obtained from the appellate court.

## CONCLUSION

Therefore, the Court **DENIES for lack of jurisdiction** the Amended Motion to Reopen Final Judgement Pursuant to F.R. Civ. P. Rule 60(b)(1) [DE 174].

SO ORDERED on February 24, 2025.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT